UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| CHRISTINE SELVAGGIO | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>19-CV-2785 (MKB) |
| v. | |
| ROBERT HIATT, RACHEL ADAMS, BARBARA PANEPINTO, and LAWRENCE MANSOUR, | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Christine Selvaggio commenced the above-captioned action on May 13, 2019, against Defendants Robert Hiatt, Rachel Adams, Barbara Panepinto, and Lawrence Mansour, challenging spousal support orders entered in a family court proceeding in the New York State Supreme Court, Kings County (the "State Court Action"). (Compl., Docket Entry No. 1.) On May 13, 2019, Plaintiff moved by Order to Show Cause for an Order "enjoining the Defendants from taking any further action against the Plaintiff, including . . . stealing [her] temporary maintenance in the amount of $1585.00 and / or allowing Defendant [Mansour] to pay his VA mortgage acquired prior to marriage, in the amount of $1351.18 . . . ." (Pl. Unsigned Order to Show Cause, Docket Entry No. 2.) Finding that Plaintiff is not likely to succeed on the merits in this action, on May 13, 2019, the Court denied Plaintiff's application for injunctive relief. (Minute Entry dated May 13, 2019.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order. For

the reasons set forth below, the Court *sua sponte* dismisses the Complaint.[1]

## I. Background

On October 5, 2017, Plaintiff filed an order to show cause in the State Court Action, alleging that Mansour "dissipated the marital truck, cancelled the insurance, despite being represented by Counsel, without sanctions, and despite an Order in place that precluded him, from doing so." (Compl. 4.) On November 6, 2017, the State Court ordered Mansour to pay a total of $1585 in temporary spousal support by paying $234 to Plaintiff and $1351 to the mortgage company holding the lien on the property where Plaintiff resides, 177 Freedom Avenue, Staten Island, New York (the "Property"). (*Id*.) Plaintiff alleges that Hiatt, Mansour's attorney during the State Court Action, lied to the State Court by arguing that Plaintiff "is a borrower on the mortgage and should pay the mortgage." (*Id*.) Plaintiff contends that because Mansour procured the mortgage before they married and is the sole signatory, the State Court judge should not have considered payment on the mortgage as part of her spousal support.[2] (*Id*.)

Plaintiff alleges that she is suffering financial hardship and cannot afford her monthly bills. (*Id*. at 5.) She is requesting punitive and exemplary damages in the amount of $100,000.00 "because this is the unlawful and fraudulent amount . . . Plaintiff was compelled to pay toward [Mansour's] personal mortgage debt." (*Id*.)

---

[1] By letter dated May 19, 2019, Plaintiff moved to withdraw her Complaint stating that "if the Judge felt the Order to Show Cause and Memorandum of Law weren't properly drafted and/or, it wasn't her Jurisdiction, the same obviously applies to [the] Complaint." (Pl. Ltr. Dated May 19, 2019, Docket Entry No. 5.) Notwithstanding Plaintiff's letter, the Court explains its reasons for dismissing the Complaint.

[2] Plaintiff attaches a May 10, 2019 letter from AnnieMac and a copy of the mortgage Note for the Property stating that Lawrence S. Mansour "is the sole signer" of the "mortgage Note" for the Property. (Letter from AnnieMac dated May 10, 2019, annexed to Compl. as Ex. 1, Docket Entry No. 1; Mortgage Note, annexed to Compl. as Ex. 1, Docket Entry No. 1.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction

The Court construes Plaintiff's allegations as challenging the temporary spousal support award issued in the State Court Action on the basis that the award unlawfully obligates Plaintiff to pay Mansour's personal mortgage debt.

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 745 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (stating that the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law . . . is an area of law that federal courts and Congress leave almost exclusively to state law and state courts."). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 112–13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703); *see also Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)).

Although the Supreme Court has advised that the exception generally "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree," *Ankenbrandt*, 504 U.S. at 704, the Second Circuit has repeatedly held that "subject matter jurisdiction may be

4

lacking in actions directed at challenging the results of domestic relations proceedings," *Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015) (citing *Ankenbrandt*, 504 U.S. at 705), and has made clear that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages," *Schottel v. Kutyba*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)); *see also Keane*, 549 F. App'x at 55 (affirming dismissal of a plaintiff's action for fraud against her ex-husband under domestic relations exception); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976))).

The essence of Plaintiff's Complaint is that the State Court judge unlawfully considered Mansour's personal mortgage debt on the Property when determining the appropriate temporary spousal support award. In other words, Plaintiff alleges that, through the State Court judge's temporary spousal support award, she is being compelled to pay a debt that is not hers. Thus, Plaintiff's allegations challenge the temporary spousal support award in the State Court Action, which the Court has no jurisdiction to review. *See Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010) (finding that the domestic relations exception precluded the court from exercising subject matter jurisdiction over ex-husband's claim to have his name removed from loans held jointly with his ex-wife, despite his contention that his ex-wife's actions jeopardized his federal employment, because the claim was "matrimonial in nature" as it was grounded in his ex-wife's purported violation of a state court order for temporary support and state court final judgment of divorce). Accordingly, because Plaintiff challenges the temporary spousal support

award in the State Court Action, this Court is without jurisdiction to review the spousal support award order.[3]

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

Dated: May 22, 2019
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

[3] Plaintiff relies on 42 U.S.C. § 1983 as a basis for federal question jurisdiction. (Compl. 3.) However, even if the Court had jurisdiction over Plaintiff's section 1983 claim, Plaintiff's claim fails because (1) Judges Panepinto and Adams are immune from suits for money damages for their judicial actions, *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."); and (2) there are no factual allegations showing that Hiatt or Mansour are state actors as required to state a section 1983 claim, *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (holding that to establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law" (citations and internal quotation marks omitted)); *see also Amid v. Chase*, 720 F. App'x 6, 11 (2d Cir. 2017) ("A plaintiff can demonstrate that a private [actor] . . . act[ed] under color of state law . . . by demonstrating that the State compelled the [actor's] conduct . . . by demonstrating that there is a sufficiently close nexus between the State and the [actor's] conduct" . . . or (3) by demonstrating that the [actor's] conduct consisted of activity that has traditionally been the exclusive prerogative of the State . . . (citations and internal quotation marks omitted)).